2003 VT 81

**In re D.B., JUVENILE**

[833 A.2d 1246]

No. 03-184

¶ 1. August 20, 2003. Mother appeals from the Lamoille Family Court's order terminating her residual parental rights in her son, D.B.* She claims that several key findings grounding the court's decision have no support in the record and are clearly erroneous. Mother also claims that the court erred by allowing evidence of her substance abuse treatment in violation of federal law. We agree with

---

* Father's rights were also terminated, but he did not appeal the court's order.

mother's first contention, and therefore, we reverse and remand.

¶ 2. D.B., born in January 1994, came into the custody of the Commissioner of the Department of Social and Rehabilitation Services (SRS) in June 2001 because he was consistently truant at school. Mother was unable to control D.B.'s truancy due to his impulsive, aggressive and hyperactive behavior. The child's behavior was so difficult that it required a one-on-one aide to be with D.B. for six hours each school day and significant respite care on weekends at his foster home.

¶ 3. Initially, the case plan SRS developed sought to reunify D.B. with mother. The plan reflected SRS's concern that mother had a substance abuse problem that interfered with her ability to properly care for D.B. She was ordered to undergo a substance abuse screening, obtain counseling and participate in a parent education program. SRS made arrangements for weekly supervised visits between D.B. and mother. In May 2002, SRS changed the case plan goal to termination of parental rights without limitation as to adoption. The next month, SRS petitioned the court to terminate mother's and father's parental rights. The court took evidence on the petition in November and December 2002 and January 2003. On March 18, 2003, the court granted SRS's petition and terminated mother's residual parental rights in D.B. This appeal followed.

¶ 4. On appeal, mother claims several of the court's findings are clearly erroneous because they lack evidentiary support, leaving the court's termination conclusion with no foundation. We review mother's claim under a familiar standard. We allow individual findings of fact to stand unless they are clearly erroneous, and we will uphold the court's legal conclusions if the findings support them. *In re A.F.*, 160 Vt. 175, 178, 624 A.2d 867, 869 (1993). "When findings are attacked on appeal, our role is limited to determin-

ing whether they are supported by credible evidence." *Id.* In this case, the State concedes that many of the findings mother contests have no evidentiary support, but it urges us to affirm the order nevertheless. See *id.* (even if some findings are clearly erroneous Court will not reverse a termination order if remainder of court's findings support its conclusions). We agree with mother that the court's clearly erroneous findings compel reversal.

¶ 5. The findings which the parties agree have no support in the evidence are the following: (1) in March 2002, mother faced criminal charges for illegal drug use to which she pled guilty in return for a deferred sentence; (2) mother is pregnant and living with a young man with a history of illegal drug use; (3) mother manipulated a drug screen in July 2002 by drinking large quantities of water to dilute the test results; (4) mother visited with D.B. only three times between March 18, 2002 and July 11, 2002, and generally visited the child rarely; (5) D.B. and mother shared no parent-child bond. The record contains no evidence supporting the first three findings. The last two — mother's lack of visitation and the absence of a parent-child bond — are contradicted by the record evidence. As the State concedes, the record shows that mother *missed* three visits between March and July 2002. We note that although mother did miss visits with D.B., the court's finding that she visited him "rarely" misconstrues the evidence. As to the lack of a bond between D.B. and mother, the record shows, and the State concedes, that they indeed shared a loving bond.

¶ 6. Such a serious misapprehension of the record requires reversal because we can have no confidence that the court's remaining findings provide a basis for severing D.B.'s ties to mother. The court's order reflects that its wholly unsupported findings played a significant role in its conclusion that terminating

mother's rights was in D.B.'s best interests. We must, therefore, reverse the court's decision and remand the matter for further proceedings.

*Reversed and remanded for a new hearing.*